## SUPREME COURT.

THE PEOPLE, &c., *ex rel.* WILLIAM MYER agt. THE BOARD
OF ASSESSORS OF THE CITY OF NEW YORK.

THE PEOPLE, &c., *ex rel.* WILLIAM MYER agt. ANDREW H.
GREEN, Comptroller of the City of New York.

*Mandamus — assessment of damages by reason of change of grade of a street.*

*Mandamus* is the appropriate remedy to compel the assessment of damages done by reason of the change of the grade of a street.

It is the duty of the board of assessors of the city of New York to estimate such damages when applied to, notwithstanding the expense of the work of conforming to the new grade has not been certified to them.

Where a statute directs payment to be made in a particular manner, as by the issue of assessment bonds, the comptroller may be compelled by *mandamus* to act as directed by the statute.

*General Term, First Department, October,* 1875.

APPEAL from order denying motion for peremptory writ of *mandamus*.

*James A. Deering*, for appellant.

*William Barnes* and *E. Delafield Smith*, counsel to corporation, opposed.

DANIELS, *J.* — The person named as relator in this case, and Frederick S. Heiser in the same form in another case, upon similar facts, applied, upon notice served upon the board of assessors, for writs of peremptory *mandamus* directing the board to make and file an award of the damages sustained by them respectively from a change made by rais-

ing the grade of Eighth avenue in the city of New York. Their right to damages was not denied; but the board seems to have declined to make the assessment, because the list had not been received from the department of public works. That appears to have been shown, in the case of Heiser, by an affidavit of one of the assessors, and from the order which was made in the case of Meyer, the same fact was probably established in the same way, although the affidavit has not been printed in the case. It was argued upon the assumption that such was the fact, and may, therefore, be considered and decided upon that circumstance practically conceded.

When the enactment was made for changing the grade of Eighth avenue, it contained no express provision for compensating the owners of property who might be injured by the work (*Vol.* 2, *Laws of* 1870, 1361, *chap.* 593). This omission was afterwards supplied by another act (*Laws of* 1872, *vol.* 2, 1726, *chap.* 729). The work itself was provided for by chapter 580, volume 2 of the Laws of 1867, which amended and re-enacted a law of the preceding year upon the same subject; and the act (*chap.* 593 *of the Laws of* 1870) simply made a further change in the grade prescribed for the avenue, and required the duties incidental to the performance of the work to be done by other persons than those mentioned in the law of 1867. All the laws upon the subject were designed to form a complete system, under which the change in the grade was made and the work was to be done, and its expenses, including damages, assessed and paid.

It was made the duty of the commissioner of public works to grade and regulate the avenue, as the law provided it should be done, and make contracts for the performance of the work, and the expense of that was to be certified in order that the assessment of it could properly be made upon the property benefited by the improvement (*Laws of* 1867, 1558, 1559). The assessment itself could not intelligently be made by the board of assessors until a report of that expense was

received, and that had not been certified to the assessors at the time when the applicants applied to their board for the assessment of their damages. For that reason their applications were deemed premature by the board, and for the same reason their motions for writs of *mandamus* were denied.

The presence of the certificate or of any assessment list was not necessary; neither was either required before the award for damages could be made. That was only needed for the purpose of enabling the board of assessors to assess the expenses and the damages on the property benefited by the improvement. Before the damages could be included in such an assessment the act of 1872 required an award of them to be made and filed.

After that had been done, and when the assessment came to be made out, it was required to include the amount of the awards for damages. The act of 1872 not only authorized, but it in terms directed the board of assessors to make and file in the finance department of the city a just and equitable statement of the amount of the damage, loss or injury which the owner or owners of buildings fronting on the avenue and opposite to the improvement sustained by the change of grade provided for by Laws of 1872, 1726, chapter 729. The direction was unqualified and not in any sense rendered dependent on any certificate or assessment list received from any source whatsoever. The right was unqualified and absolute; for the statute directed the assessors to do it, and the award was required to be made and filed and included in the expense to be afterwards assessed by the board. No complete assessment could be made without it, and the statute could only be complied with by having the award made first. A positive right was given and duty created, and neither, in any manner, was rendered dependent on any other officer or board than the board of assessors, which was explicitly required to hear the cases and make the awards. The statute prescribed no time in which this should be done; but it took effect immediately, and by fair construc-

People *ex rel.* Myer agt. Board of Assessors.

tion necessarily contemplated that it should be done within a reasonable time (*Doughty* agt. *Hope*, 3 *Denio*, 249; *People* agt. *Mayor, &c.*, 5 *Barb.*, 43), and that certainly had expired when the claims were presented by the applicants, and before the present proceedings were instituted, which was in the summer of 1875.

The objection to the application, that the assessment cannot be made, or the amount raised to pay the award, before the expense has been certified to the board of assessors, forms no legal answer to it. Making the awards may not accelerate the period for their payment, and probably will not; but it is not for payment that the parties have applied. It is for the hearing and investigation of their claims for damages, and the making and filing of the awards they may establish their right to, that they have applied, and the right to have that done has been provided for and directed in plain terms by the statute. If they are either of them entitled to damages, when the assessments are made out, the amount will be included in it, and that cannot be done without an award. The hearing and disposition of the claims made are precedent acts, and require nothing but the claims themselves to enable the board of assessors to act upon and dispose of them. The right, as well as the duty, are both defined by the statute, and the board should have investigated the cases when they were applied to for that purpose; no other remedy exists for the applicants than that applied for by them. For that reason, the case is a proper one for the writ of *mandamus*, and as the facts and the law are clearly in their favor, the relief applied for by the applicants should be awarded to them.

It was insisted that section 3 of chapter 52 of the Laws of 1852 was adverse to this conclusion; but nothing of that nature is contained in it. On the contrary, it also contemplates the making of awards for damages before the expenses incurred can properly be assessed upon the property benefited; but as the act of 1872 was enacted for the government

of claims arising out of the particular improvement made by changing the grade of Eighth avenue, and was in no way rendered dependent for its efficiency or force upon any thing contained in the act of 1852, it cannot be necessary to look beyond its provisions for the disposition which should be made of these cases.

The orders made should be reversed, with ten dollars costs, in addition to disbursements in each case, and the writs directed to be issued requiring the board of assessors to hear and determine the claims made, and to make and file their awards in case the damage claimed, or any part thereof, appear to have been occasioned by the improvements.

The order of the general term was affirmed in court of appeals, February 19, 1876, on the opinion of DANIELS, J.

The board of assessors, on the twenty-eighth day of March, filed with the comptroller a statement wherein the sum of $2,500 was awarded to the relator, Myer. The comptroller refused to pay upon demand, and a motion was then made before DONOHOE, J., for a peremptory *mandamus* to compel payment. The motion was granted, and an appeal taken to the general term.

*William C. Whitney*, counsel to the corporation, and *Hugh L. Cole*, for the comptroller, appellant.

*James A. Deering*, for respondent.

*General Term, First Department, March*, 1877.

DAVIS, *P. J.* — The affidavit on which the motion was founded states that the board of assessors of the city of New York, under and pursuant to the provisions of section 1 of chapter 729 of the Laws of 1872, on or about the 28th day of March, 1876, made and filed in the finance department a just and equitable statement of the amount of the damage, loss or injury to the owner or owners of the building or buildings fronting on Eighth avenue, between Fifty-ninth

street and One Hundred and Twenty-second street, by reason of the change of grade, &c., of said avenue, heretofore authorized to be made by the legislature, or by any officer or board of the city of New York, and proceeds to state the amount of damages assessed to the relator.

This allegation is not denied. The answer asserts simply that the alleged award or assessment for the relator's damage has not been confirmed by the board of revision and correction or by any other lawful authority.

By the act under which these awards are made, there is no provision for their confirmation by any board or body. It simply directs the assessors to ascertain the damage, and to file, in the finance department, a just and equitable statement and award of their amount, and that the award thus made shall be included in the expenses of regulating, grading and improving the said avenue, and that such expenses shall be assessed as provided by law.

Nothing is left to be done in respect to such awards, except so far as relates to their inclusion in the assessment roll for the expenses of the work.

The second section authorizes and directs the comptroller to issue bonds to pay the amount of such loss or damage so assessed by said board of assessors, together with the amount that might be necessary to pay the expenses that have been, or may hereafter be, necessary for the regulating, grading and improving of said avenue.

It does not appear, in the papers in this case, whether or not the assessment list of the damages and expenses of the improvement has ever been made or confirmed.

The only point of objection put forth on the part of the respondent is, that the order awarding to the relator damages has not been confirmed by the board of revision and correction. As nothing of that kind was necessary under the act in question, no reason is shown why the award should not be paid in the manner provided by the act.

The order granting the writ should be affirmed.