PEOPLE ex rel. CLADEL v. SEAMAN et al. (No. 7439.)

(Supreme Court, Appellate Division, First Department. June 4, 1915.)

MUNICIPAL CORPORATIONS ☞385—STREETS—CHANGE OF GRADE—DAMAGES—CHARTER PROVISIONS.

    The substantial provisions of Greater New York Charter (Laws 1901, c. 466) § 951, as amended by Laws 1912, c. 483, being that a person dam-aged by change of street grade shall be compensated, and that the amount of damage shall be ascertained by the board of assessors, he cannot be deprived of redress, though because of the cost of the improvement not being met, as usual and as contemplated by the statute, by an assess-ment, the particular method prescribed of providing for the payment of the damages cannot be followed with precision.

    [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 925–928; Dec. Dig. ☞385.]

Appeal from Special Term, New York County.

Mandamus by the People, on the relation of Albert Cladel, against Alfred P. W. Seaman and others. From an order granting a motion for a peremptory writ, defendants appeal. Affirmed.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, DOW-LING, and HOTCHKISS, JJ.

Charles J. Nehrbas, of New York City, for appellants.
John R. McMullen, of New York City, for respondent.

SCOTT, J. Relator is the owner of a plot of land fronting upon Polk avenue in the borough of Queens, upon which in 1907 he erected a building. For many years prior to 1910 Polk avenue had been a public highway operated at the natural level. In 1910 the city of New York regulated and graded the avenue, the grade being lowered two

or three feet. The cost of this work was paid out of a special fund, and no assessment therefor was levied upon the benefited property. Consequently the borough president never presented to the board of assessors the certificate of cost necessary to lay the foundation for an assessment. Relator presented to defendants a claim for damages arising from the change of grade. His claim was rejected, upon the ground that the board of assessors had no authority to pass upon such a claim, except in conjunction with the levying of an assessment for the cost of the improvement, and that, because in this case there was no such assessment, there could be no award for the change of grade.

The statute relied upon by relator is section 951 Greater New York Charter, as amended by chapter 483, Laws 1912, which reads as follows:

"Sec. 951. All cases where a change of grade of any street or avenue has been made prior to the taking effect of this act shall, as to the liability to make compensation for damages caused by such change of grade, be governed by the laws in force at the time such change of grade was made. After the taking effect of this act there shall be no liability to abutting owners for originally establishing a grade; nor any liability for changing a grade once established by lawful authority, except where the owner of the abutting property has built upon or otherwise improved the property in conformity with such established grade, and such grade is changed after such buildings or improvements have been made. In such cases *damages occasioned by such change of grade to such buildings and improvements shall be ascertained and assessed in connection with and as a part of the expenses of grading or otherwise improving the street or avenue in conformity with the grade as changed.* A grade shall be deemed established by lawful authority within the meaning of this section where it was originally adopted by the action of the public authorities, or where the street or avenue has been used by the public as of right for twenty years, and been improved by the public authority at the expense of the public or of the abutting owners. All laws inconsistent herewith are hereby repealed. In case the grade of any such street shall be changed, and the same shall have been regulated and graded according to the new grade, *after the certificate of the cost of such regulating and grading shall have been received by the board of assessors,* it shall be the duty of the said board to cause to be published in the 'City Record' and the corporation newspapers, for at least ten days successively, a notice which shall contain a request for all persons claiming to have been injured by the said change of grade to present, in writing, to the secretary of the board of assessors, their claims, specifying a place where and a time when the said board will receive evidence and testimony of the nature and extent of such injury. After hearing and considering the said testimony and evidence the board of assessors shall make such awards for such loss and damage, if any, as it may deem proper. *The amount of the said awards shall be included in the assessment for the regulating and grading of the street in question, as a part of the expense thereof,* and the said award, and the proceedings of the assessors in relation thereto, shall be subject to review by the board of revision of assessments. This section shall be applicable to any and all claims for damages for change of grade now pending before the board of assessors of the city of New York, and not heretofore confirmed."

Of course it is literally true that this section provides for compensation for change of grade "in connection with and as a part of the expense of grading or otherwise improving the street or avenue," and also provides that the loss or damage occasioned by the change of grade shall be estimated "after the certificate of the cost of such regulating and grading shall have been received by the board of assessors," and

that "the amount of the awards shall be included in the assessment for regulating and grading  *  *  *  as a part of the expenses thereof." In other words, the statute contemplated that the expense of regulating and grading would be met in all cases, as it is and has for many years been met in most cases, by an assessment upon the abutting property deemed to be benefited.   Hence, where there is no assessment for the cost of the improvement, the particular method of providing for the payment of damages for the change of grade cannot be followed with precision.   But that fact does not necessarily deprive the person injured of all relief.   The substantial provisions of the statute are that persons damaged by the change of grade shall be compensated, and that the amount of their damage shall be ascertained by the board of assessors.   The city cannot, by adopting an unusual method of paying for the improvement, deprive the original property owner of all redress.   A similar question arose in People ex rel. Myer v. Green, 53 How. Pr. 280, affirmed on opinion below People ex rel. Myer v. Asten, 64 N. Y. 635, under a very similar statute.   Laws 1872, c. 729.   In that case the city resisted the issue of a writ of mandamus upon the same ground that it resists the present application, but the court overruled its contention and issued the writ.

Upon the authority of that case, the order appealed from was properly made, and it must be affirmed, with $10 costs and disbursements. All concur.