In the Matter of the Application of JULIA SZIRMAY, Petitioner, Appellant, for an Order against FREDERICK J. H. KRACKE and Others, Composing the Board of Assessors of the City of New York, and JOSEPH D. MCGOLDRICK and Others, Composing the Board of Revision of Assessments of the City of New York, Respondents.

First Department, March 7, 1941.

*Joseph B. Kenny* of counsel [*Harry B. Chambers* and *Harry H. Chambers* with him on the brief; *Chambers & Chambers*, attorneys], for the appellant.

*Alfred D. Jahr* of counsel [*Julius Isaacs* with him on the brief; *William C. Chanler, Corporation Counsel*, attorney], for the respondents.

TOWNLEY, J. The petitioner is the owner of property at 1621 Ohm avenue in the borough of Bronx. On July 29, 1932, the city of New York entered into a contract for the raising of the grade of the street upon which the petitioner's property is located. This contract was registered with the comptroller and a certificate of registration was received by the board of assessors on August 5, 1932. The work was completed on December 10, 1932, and accepted by the city on December 20, 1932. The grade of the street in front of the petitioner's property was physically raised some seventeen feet and all the adjoining streets were similarly raised. The result is that the petitioner's property is in a depression some seventeen feet below the grade of the surrounding streets. The appellant filed her claim for resulting damages with the board of assessors on December 15, 1932.

This claim has been held invalid because it was filed five days prior to the acceptance of the work by the city on December 20, 1932. This conclusion is based on Special Term's construction of section 951 of the Greater New York Charter which was in effect at the time involved. This section, so far as material, provides: " No award shall be made, in any case arising after the taking effect of this act, unless a claim in writing therefor shall have been filed with the board of assessors within ninety days after the grading shall have been completed and accepted by the city authorities in charge of the work." This section, it has been held, requires that notices

cannot be filed until after the completion and *acceptance of the work* by the city.

This construction cannot be sustained. This same section of the charter (section 951) makes provision for the making of awards upon the receipt by the comptroller of the certificates of the registration of contract. The portion referred to provides: " The board of assessors may, in its discretion, upon the receipt from the comptroller of the certificate of the registration of contract for the work in question, make an award with respect to any property built upon or otherwise improved and abutting upon that portion of the street to be regulated and graded under said contract for said intended regulation."

These provisions demonstrate that the ninety-day provision was not intended to prohibit the filing of claims before the acceptance of the work by the city. Action by the board of assessors under the above-quoted provisions must be predicated upon a claim filed. The provision allowing advance payment by them would be ineffective if it were to be held that no claim could be filed until after the completion and acceptance of the work. To give a reasonable construction to both provisions, it is necessary to hold that a claim may be made and acted upon at any time that the board of assessors is pleased to act, provided the claim shall have been made in writing after receipt of registration of the contract and before the expiration of ninety days after the completion and acceptance of the work by the city.

The Court of Appeals in *Merchants and Traders' Bank* v. *Mayor, etc.* (97 N. Y. 355), construed a somewhat similar provision as to time for giving notice. That case involved an action against the city to recover a balance paid upon a contract. The said contract contained a provision that the last installment payable thereunder should be retained until satisfactory evidence was furnished that all persons had been paid or secured " who may have given written notice to such head of department any time within ten days after the completion of the contract " that a balance was still due and unpaid. The interpretation of this latter clause by the Court of Appeals was that notices of claim given any time before the completion of the work were valid and that the provision quoted did not limit the time to the ten days, but simply required notices to be given before or within ten days after such completion.

The case at bar is stronger than the precedent cited because, as already pointed out, section 951 clearly contemplates the payment of claims in the discretion of the board of assessors before the completion of the work.

The order should be reversed, with twenty dollars costs and disbursements, and the motion to dismiss the petition should be denied. The motion for an order to review should be granted.

MARTIN, P. J., DORE, COHN and CALLAHAN, JJ., concur.

Order unanimously reversed, with twenty dollars costs and disbursements, and the motion to dismiss the petition denied. Motion for an order to review granted. Settle order on notice.