In the Matter of the Application of MINNIE YOUNG, Petitioner, Respondent, for an Order Directing FREDERICK J. H. KRACKE and Others, Constituting the Board of Assessors of the City of New York, Respondents, Appellants, to Advertise for Claims and to Assess the Damages Caused to Petitioner's Buildings and Improvements by Reason of the Change of Grade Caused by the Grading of Beach 73rd Street between Beach Channel Drive and the Public Beach in Front of and Abutting the Premises of the Petitioner Herein, Pursuant to the Provisions of Section 307a–3.0 of the New York Administrative Code.

First Department, May 29, 1941.

*Alfred D. Jahr* of counsel [*Julius Isaacs* with him on the brief; *William C. Chanler, Corporation Counsel*], for the appellants.

*Bernard L. Bermant* of counsel [*George Bergen* with him on the brief; *Skinner & Bermant*, attorneys], for the respondent.

COHN, J. The question presented by this appeal is whether the city of New York is liable in damages to an abutting property owner where a State Authority, under an act of the Legislature,

enters upon a city street and, pursuant to an agreement between the city and the authority, changes the grade of such street at the Authority's own cost and expense.

It is alleged in the petition, the sufficiency of which has been attacked by defendants, that petitioner is the owner of certain improved property situated on the west side of Beach Seventy-third street, Rockaway Beach, borough of Queens; that petitioner's buildings were erected in 1908 on the duly established grade then in existence; that on April 28, 1938, the board of estimate of the city of New York adopted a resolution approving a map changing the lines and grades of Beach Seventy-third street and adjoining streets; that prior to April 28, 1938, the city entered into an agreement with the New York City Parkway Authority, a quasi-public corporation organized under chapter 90 of the Laws of 1938, whereby it was agreed that if the city would acquire title to certain lands necessary for the construction and extension of Cross Bay Parkway and connecting parks and parkways, the parkway authority would do all the physical work in connection with the paving, grading and improving of the several parks and parkways, including Beach Seventy-third street, and would construct them as delineated on the aforesaid map adopted by the board of estimate on April 28, 1938; that thereafter the parkway authority completed the work on October 7, 1939; that neither the board of estimate nor the city ever accepted the work of changing the grade of the street in front of petitioner's premises.

The petition also alleges that as a result of the improvement the grade of Beach Seventy-third street was raised at least two feet; that the board of assessors failed to advertise for the filing of claims in accordance with the provisions of section 307a–3.0 of the New York City Administrative Code and that the claim filed by the petitioner on July 17, 1939, was rejected. The petitioner prays for an order requiring the board of assessors to advertise for claims and to assess petitioner's damages resulting from the change of grade.

An owner of real property has no constitutional right to recover damages for change of grade and is only entitled to such damages as have been expressly authorized by the Legislature. (*People ex rel. Architects' Offices, Inc.*, v. *Ormond*, 201 App. Div. 787; affd., 234 N. Y. 549; *Sauer* v. *City of New York*, 180 id. 27; affd., 206 U. S. 536; *Licht* v. *State of New York*, 277 N. Y. 216, 220; *West 158th Street Garage Corp.* v. *Fullen*, 139 Misc, 245, 249.) The law which the petitioner invokes in this case is section 307a–3.0 of the New York City Administrative Code. This statute provides that when a street shall have been regulated and graded and a

certificate of completion and acceptance "by the appropriate city agency in charge of the work of such grading shall have been received by the board of assessors," the board is required to publish in the *City Record* a notice to persons to file claims. (N. Y. City Administrative Code, § 307a-3.0, subd. b.) The statute further provides: "No award shall be made unless a claim in writing shall have been filed with the board of assessors within ninety days after the grading shall have been completed and accepted *by the appropriate city agency in charge of the work*." (Emphasis ours.) Here the petition shows that the grading was done not by a city agency but by the parkway authority and that the work was never accepted by the city. No certificate of completion, therefore, could be transmitted to give the board of assessors jurisdiction to advertise for claims or to make awards for change of grade damages.

By provision of the statute upon which petitioner bases her claim it is clear that the Legislature has limited the authorization for such claims only to those instances where the work is done by an agency of the city. The New York City Parkway Authority is not a city agency within the purview of section 307a-3.0 of the Administrative Code. It was created by an act of the Legislature (Laws of 1938, chap. 90). This act was later repealed and reincorporated in the Public Authorities Law (Laws of 1939, chap. 870, §§ 275–296 [Consol. Laws, chap. 43-A]). The Authority is described as a public benefit corporation. (§ 277, subd. 1.) It has power to sue and be sued (§§ 279, subd. [a], 293); to charge tolls and collect revenues for the use of parkways or parts thereof (§ 279, subd. [i]); to make contracts; to acquire property for its corporate purpose (§ 279, subds. [c] and [d]) and to construct the parkways. The Authority is, obviously, an independent corporation created by the State and is specifically endowed with the powers heretofore mentioned. The Legislature contemplated that the cost of the improvement is to be borne by the parkway authority, which is to repay itself out of the tolls, and upon complete reimbursement the improvement is to pass to the city. Any damage for change of grade manifestly should be part of the cost of the project. The city, however, is not liable on contracts of the parkway authority. Since the petition states that the New York City Parkway Authority constructed the improvement, the board of assessors in such case lacks the power to advertise for claims or to assess damages for change of grade.

Reliance is placed by petitioner upon *People ex rel. Cladel* v. *Seaman* (168 App. Div. 67; affd., 216 N. Y. 649). In that case this court held that where the city of New York changes the grade of a street and pays the cost of the work out of a special fund, it

cannot deprive the abutting owners of the right to recover damage for a change of grade. Concededly, in the case at bar, if the city had changed the grade of Beach Seventy-third street, the city would be liable. This work, however, was not done by the city.

The statute which created the New York City Parkway Authority does not specifically make this body liable for damages for change of grade. With respect to the Port of New York Authority created pursuant to an interstate compact, a specific statute was enacted by the New York Legislature which authorized and empowered the Port of New York Authority to make payments for damages resulting from a change of grade of streets (Laws of 1935, chap. 876). If no other remedy is available, it would seem that petitioner might obtain the necessary relief from the Legislature.

The order appealed from should be reversed, with twenty dollars costs and disbursements, and the motion to dismiss the petition for insufficiency should be granted.

O'MALLEY, TOWNLEY, GLENNON and UNTERMYER, JJ., concur.

Order unanimously reversed, with twenty dollars costs and disbursements, and the motion granted.