In the Matter of GENNARO ILLIANO, Petitioner.
FREDERICK J. H. KRACKE et al., Constituting the Board of
Assessors of the City of New York, Respondents.

Supreme Court, Special Term, New York County, March 3, 1944.

*Michael H. Grae* for petitioner.

*Ignatius M. Wilkinson, Corporation Counsel (Julius Isaacs, Alfred D. Jahr* and *Max Berman* of counsel), for respondents.

O'BRIEN, J. Motion is made by petitioner for an order to direct the Board of Assessors of the City of New York to advertise for claims and to assess the damage caused by reason of the change of grade caused by the grading of Richmond Avenue, between Victory Boulevard and Forest Avenue, borough of Richmond. The respondents cross-move to dismiss for legal insufficiency of the petition. Respondents' cross motion is granted without prejudice to the renewal of the relief sought upon a proper petition. The petition is grossly defective in that it is not alleged that the property in question here is improved with a building. Change of grade damage is not made to land unless the Board of Estimate certified to a special grade as provided for in section 307a–2.0 of the Administrative Code of the City of New York (L. 1937, ch. 929).

Damages for change of grade are purely statutory. (*Matter of Young* v. *Kracke,* 262 App. Div. 67, affd. 287 N. Y. 634; *Matter of Mellilo* v. *Kracke,* 261 App. Div. 631, appeal dismissed 287 N. Y. 655.) Under subdivision a of section 307a–3.0 of the Administrative Code of the City of New York it is provided: '' There shall be no liability for originally establishing a grade or for changing an established grade, except as provided in this section:

'' 1. When an owner has built upon or otherwise improved his property prior to the original establishment of a grade by lawful authority, such owner and the lessee thereof shall be entitled to damages only to such buildings and improvements for the grading of the street in accordance with such established grade.

'' 2. When an owner has built upon or otherwise improved his property in conformity with the grade of any street or avenue established by lawful authority and such grade is changed after such buildings or improvements have been erected, such owner and the lessee thereof shall be entitled to damages only to such buildings and improvements for the change of grade.''

The petitioner here has failed to allege in his petition the facts required to bring himself within the purview of the statute.

Moreover, in addition, the petition fails to allege that a certificate of the completion and acceptance by the appropriate City agency in charge of the work of such grading was received by the Board of Assessors as provided by law.

Under the provisions of subdivision b of section 307a–3.0 of the Administrative Code it is provided: '' When any street shall have been regulated and graded and the certificate of the completion and acceptance by the appropriate city agency in charge of the work of such grading shall have been received by the board of assessors, then the board shall publish in the City Record twice a week for four successive weeks, a notice to all persons claiming to have been injured by the physical grading of such streets to present their claims, in writing, to the board of assessors.''

It is, therefore, quite apparent that the Board of Assessors has no power to advertise for filing of claims unless it receives a certificate of completion and acceptance of the work. Furthermore, every completion of a grading job does not give rise to a change of grade damage. (*Matter of Young* v. *Kracke,* 262 App. Div. 67, affd. 287 N. Y. 634, *supra;* see, also, *Matter of Bachmann* v. *Isaacs,* Supreme Ct., New York County, N. Y. L. J., Jan. 30, 1941, p. 467, col. 6, affd. 261 App. Div. 1054; *Bachmann*

v. *New York City Tunnel Authority,* Supreme Ct., New York County, N. Y. L. J., June 6, 1941, p. 2549, col. 5, affd. 263 App. Div. 945, appeal dismissed 288 N. Y. 707, certiorari denied 317 U. S. 675.) It would also appear that claims may be filed with the Board of Assessors even before a certificate of completion and acceptance is received by the Board, provided the Comptroller transmits to the Board of Assessors a certificate of registration of the contract for the grading in question. (*Matter of Szirmay* v. *Kracke,* 261 App. Div. 385.) The petition fails also to allege that a contract for the work in question was registered with the Comptroller and that a certificate of registration was transmitted to the Board of Assessors. The petition is entirely silent respecting the registration of the contract or if a contract was even entered by a City agency. The lack of proper allegations in the petition warrants the holding that the petition is legally insufficient and the proceeding should be dismissed and it is dismissed, but without prejudice to a renewal upon recitation of proper facts.