JEBAN REALTY CORPORATION, Claimant, *v.* STATE OF NEW YORK, Defendant. (Claim No. 28881.)

Court of Claims, January 21, 1949.

*Nathaniel L. Goldstein, Attorney-General (Philip A. Paulson* of counsel), for defendant.

*Charles B. Sullivan* for claimant.

GREENBERG, J. This is an application by the State to dismiss the claim herein on the ground that it fails to state a cause of action. The claim is one to recover damages to claimant's building and improvements upon land abutting Bronx River Parkway, Southern Extension, in the borough of The Bronx, city of New York, due to changes made by the State in the established grade of the public streets.

The grade of two intersecting avenues, Westchester and Harrod (now known as Bronx River Parkway, Southern Extension), had been duly established by the City of New York before 1929, when claimant erected its building and improve-

ments on the abutting property in conformity with the street level. Subsequently in 1946 and thereafter, the State of New York, while constructing Bronx River Parkway, Southern Extension, as a State arterial highway in the city of New York, raised the grade of these avenues, placing embankment fills thereon and constructing elevated structures with pavements, sidewalks, curbing and retaining walls adjacent to claimant's building, and thereby interfering with claimant's easement of light, air and access.

Damages to abutting owners for changes in grade of streets are *damnum absque injuria*. (*Radcliff* v. *Mayor, etc. of Brooklyn,* 4 N. Y. 195; *Sauer* v. *City of New York,* 180 N. Y. 27, affd. 206 U. S. 536.) To entitle claimant to a recovery against the State, there must be statutory authorization. (*Sauer* v. *City of New York, supra; Matter of Young* v. *Kracke,* 262 App. Div. 67, affd. 287 N. Y. 634; *Burmaster* v. *State of New York,* 186 App. Div. 131; *West 158th St. Garage Corp.* v. *State of New York,* 256 App. Div. 401; *Miller* v. *State of New York,* 229 App. Div. 423.) Typical instances of such statutes fixing liability are found in subdivision 15 of section 30 of the Highway Law (relating to State highways outside of cities); subdivision 14 of section 347 of the Highway Law (pertaining to State thruways); section 7 of chapter 677 of the Laws of 1928 (the New York City Grade Crossing Elimination Act); section 6 of chapter 678 of the Laws of 1928 (dealing with grade crossing eliminations outside the cities of New York, Syracuse and Buffalo); and section 6 of chapter 679 of the Laws of 1928 (the Buffalo Grade Crossing Elimination Act).

Claimant has urged that subdivision 15 of section 30 of the Highway Law is applicable and is statutory authorization for liability herein. Such contention is untenable. Section 30 deals with the construction of State highways outside of cities. Under its provisions, the State acquires property by appropriation and outlines the steps to be followed in such acquisition and the remedies of the property owners sustaining damages. Such costs and payment of damages resulting from the construction, reconstruction and improvement of the highways are borne entirely by the State which retains ownership and maintenance thereof.

Title to the highway in question was acquired by the City of New York in 1938. In 1945, the State appropriated funds for the construction of the Bronx River Parkway Extension, entered upon and completed the work, and turned over the maintenance thereof to the city.

The State contends, in sharp contrast to the attacked pleading, that the Legislature specifically appropriated funds for this project and the State thereafter performed the work pursuant to other provisions of law (see L. 1941, ch. 196; L. 1944, ch. 1; L. 1945, ch. 103, § 3), and not in pursuance to the provisions of article XII-B of the Highway Law. The claim, however, alleges: " 4. That subsequent to the enactment of Article XII-B of the Highway Law, Chapter 25 of the Consolidated Laws, and pursuant to said Chapter, the State of New York, acting through the Superintendent of Public Works, with the consent of and by agreement with the City of New York, acquired and assumed jurisdiction over Harrod Avenue and the portion of Westchester Avenue approaching and intersecting Harrod Avenue, abutting claimant's property, for the construction therein of a section of Bronx River Parkway (Southern Extension) as a State Arterial Highway in the City of New York, and on or about June 26, 1946, entered into a contract with Rusciano & Son Corporation for the construction of Bronx River Parkway (Southern Extension) including separation of grades at Watson avenue and Westchester avenue with grading and structures, constituting Contract BRP 46–1, in the County of Bronx.''

In construing a complaint or claim upon a motion of this character, the allegations of the pleading are, for the purposes of the motion, assumed to be true. (*Locke* v. *Pembroke,* 280 N. Y. 430.) Every intendment and fair inference is in favor of the pleading. (*Dyer* v. *Broadway Central Bank,* 252 N. Y. 430.) If in any aspect upon the facts stated the plaintiff is entitled to a recovery, the motion should be denied. (*Condon* v. *Associated Hospital Service,* 287 N. Y. 411, 414.) For the purposes of this motion, therefore, the pleaded facts, even though they may be proven inaccurate, must be accepted.

The provisions of article XII-B of the Highway Law, relating to State arterial highways passing through cities, do not sustain claimant's contention of statutory liability on the part of the State. Subdivision 3.3 of section 349-c pertaining to the City of New York, provides:

" Any property which is deemed by the superintendent of public works and the city of New York to be necessary to carry out the provisions of this article shall be acquired by the city of New York by condemnation, purchase, or otherwise, pursuant to the city charter and administrative code, provided, however, that the superintendent of public works shall first file with the board of estimate of the city of New York an estimate

of the costs and expenses of such acquisition of property and any liability incurred by reason thereof, or by reason of the adverse effect of construction on adjacent property values, and upon approval of such estimate by such board of estimate of the city of New York, the liability of the state for such costs and expenses shall be expressly limited to the amount of such estimate. The costs and expenses of such acquisition of property and any liability incurred by reason thereof, including legal damages caused by such acquisition, shall be paid by the city of New York in the first instance and shall be borne as follows: fifty per centum by the State and fifty per centum by the city. Whenever the city shall furnish to the superintendent of public works the written evidence and muniments of title to said property together with a certificate stating the amount due such city, including the amount determined by a partial or final decree of the court having jurisdiction of any such condemnation proceedings, for the said acquisition of the property and any other costs and expenses thereof as herein authorized, the amounts so fixed shall be paid out of the state treasury to the city comptroller, after audit by the state comptroller, from monies that are now or that shall hereafter be made available to pay such costs and expenses, but not until there shall have been filed with the state comptroller a certificate of the attorney general showing his approval of such written evidence and muniments of title whereby the property shall have been duly acquired by the city as herein provided.

" The city shall assume responsibility without additional contribution from any funds that are now or that shall hereafter be made available for the purposes herein provided, for making good any defects in title which may at any time be found to exist. The city shall hold the state harmless against any claims arising in respect to title to any property heretofore acquired and used or to be used for such arterial system, and also against any claims arising from the acquisition of property and any liability incurred by reason thereof, or by reason of the adverse effect of construction on adjacent property values, in case such claims exceed the expressed liability of the state as hereinbefore provided. Nothing in this section shall, however, preclude the city from acquiring, subject to the city charter and administrative code, all or any part of the property needed for the system in the event that sufficient state funds are not available, or if the superintendent of public works has not filed with the board of estimate of the city of New York the estimate above referred to and it is deemed desirable by the city to acquire

title promptly to expedite completion of all or parts of the system, but no liability shall be created thereby or deemed to have been assumed by the state in such event.''

Nothing therein contained provides for the assumption of liability to the abutting owner by the State in the first instance. The section provides for a limitation of liability and for the payment by the City of New York of the costs, expenses and damages to the owner of the damaged parcel. The State's sole liability is to the city for one half of the cost, etc., but in no event for more than one half of the '' estimate '' referred to therein. '' In construing these statutes the rule must be observed, and usually has been observed, that statutes changing the common law must be strictly construed and that the common law must be held no further abrogated than the clear import of the language used in the statutes absolutely requires.'' (*Bertles* v. *Nunan,* 92 N. Y. 152, 157.) No clear, unambiguous or explicit language is employed in the statute to indicate any legislative intent to hold the State liable to the property owner. Claimant seeks to have the court read into such statute the provisions of subdivision 15 of section 30 herein above referred to. It provides in part: '' If the work of constructing, reconstructing or improving such state highways and bridges causes damage to property not acquired as above provided, the state shall be liable therefor, but this provision shall not be deemed to create any liability not already existing by statute.'' Section 30 deals with the construction of highways outside of cities. A perusal of other portions of article XII-B of the Highway Law, simultaneously enacted, will indicate a clear intent on the part of the Legislature not to incorporate, expressly or by reference, any provision for liability by the State to the owner of property abutting a State arterial highway in the city of New York. '' Language, however strong, must yield to what appears to be the intention, and that is to be found, not in the words of the particular section alone, but by comparing it with other parts or provisions of the general scheme of which it is a part.'' (*Hayden* v. *Pierce,* 144 N. Y. 512, 516.)

Subdivision 2 of section 349-c of the Highway Law dealing with State arterial highways passing through cities other than the city of New York, sets forth an entirely different method for the acquisition of property necessary for the project than as provided in subdivision 3 *et seq.* for the City of New York. The land is acquired by appropriation under subdivision 2 by the State in the first instance, pursuant to the method described in section 30 and the State is liable for the cost of such acquisi-

tion as well as for damages resulting from the work of construction. It provides as follows: " 2.6. Any property which is deemed by the superintendent of public works to be necessary to carry out the provisions of this section, shall be acquired by him pursuant to section thirty of this chapter. The costs and expenses of such acquisition of property and any liability incurred by reason thereof, including legal damages caused by such acquisition and by the work of constructing, reconstructing or improving such extensions and continuations, including legal damages caused by such work of construction, reconstruction or improving, all as provided in section thirty of this chapter, shall be paid by the state in the first instance and shall be borne as follows: fifty per centum by the state and fifty per centum by such city affected thereby."

The Legislature had before it, simultaneously, both subdivisions of section 349-c, dealing with the methods of acquisition of property in cities outside New York City and in the city of New York and the liability for cost thereof and damage to the abutting property owner. In the first instance liability was squarely put on the State, the party appropriating the land. In the other, the city is solely responsible to him. The omission from subdivision 3.3 (relating to the City of New York), of express phraseology making the State liable in the first instance to the damaged property owner, or of any reference to section 30, though both were present in the companion subdivision 2.6 (relating to cities other than the City of New York), simultaneously enacted, is a compelling factor in leading this court to the conclusion that the Legislature did not intend that the State of New York should be liable directly to the owner under subdivision 3.3.

Claimant urges that a liberal construction should be given to subdivision 3.3 in line with the legislative trend toward making the State liable for change of grade damages. " The policy which dictated the enactment of a statute which both defines and limits the rights which the appellant now asserts, is a matter solely for the Legislature. No power is granted to the courts by interpretation to vary the clear and positive mandate of the statute. Mindful of our duty to construe the statute liberally, we must not be unmindful of the rule that ' freedom to construe is not freedom to amend.' " (*Matter of O'Brien* v. *Tremaine*, 285 N. Y. 233, 238; citing *Sexauer & Lemke* v. *Burke & Sons Co.*, 228 N. Y. 341, 345. See, also, *Matter of Moore* v. *Board of Education, Canandaigua*, 274 App. Div. 403, 410.)

There being no statutory assumption of liability by the State, the motion to dismiss the claim is granted.