John Carroll Young, J.
This claim arose by reason of the reconstruction, as a part of the State Arterial Highway System, of West Bridge Street in the City of Oswego, New York, at an elevation higher than the elevation of that street prior to such improvement.
Claimant is the owner of a parcel of real property located on the southerly side of West Bridge Street in the City of Oswego; he acquired title to said property by virtue of a deed to him and his wife, Emma Reiflte, from John W. Dowie and Nellie P. Dowie, his wife, dated July 20, 1925, and recorded in Oswego County Clerk’s office on July 23, 1925, in Book 340 of Deeds at page 396.
Said Emma Reiflte died December 18,1960, and apparently at the time of the accrual of this claim, the said Otto Reifke, the claimant herein, was the sole owner of said real property.
The claimant’s residence building (which formerly had been a store) was close to the street, the evidence showing that the State’s southerly right-of-way line passed through his porch, but no part of his main building was within the right-of-way lines.
West Bridge Street had been used at its pre-existing grade in front of claimant’s premises for many years prior to the construction of said improvement.
This being a fact, no formal act of the City of Oswego is required to prove that such grade was the “ established grade ” of said street. (Cook v. State of New York, 176 Misc. 947, affd. 267 App. Div. 847.)
Said West Bridge Street was reconstructed as an arterial highway pursuant to article XII-B of the Highway Law.
Under the Charter of the City of Oswego, claimant had the right to present to the Common Council of that city any claim for damages sustained by him due to the alteration of the established grade of West Bridge Street in front of his property. (Oswego City Charter [L. 1895, ch. 394, as amd.], § 253; also, see, Second Class Cities Law, § 99.)
*800 Where a change of grade in a city is effected by the New York State Department of Public Works, the State assumes the existing statutory liability for any damages resulting from such change of grade. (Selig v. State of New York, 10 N Y 2d 34.)
The measure of damages is the diminution of market value resulting from the physical injuries brought about by the change of grade. (Mirro v. State of New York, 172 Misc. 963, affd. 260 App. Div. 525, affd. 285 N. Y. 678.)
The reconstruction of West Bridge Street as a part of the State Arterial Highway System was accomplished by the .Superintendent of Public Works of the State of New York, and under such circumstances the cost thereof and any liability incurred by reason thereof, including legal damages, are to be paid by the State (Highway Law, § 349-c, subd. 2.6); this includes damage to property not acquired in connection with such reconstruction, but this provision does not create any liability not already existing by statute. (Highway Law, Section 30, subd. 15.)
No part of claimant’s property was appropriated in connection with such improvement.
This claim was tried as one arising out of a change of grade of a street in a city, although an inference may be drawn from the form of the claim (pleading) that claimant may have intended to base his claim at least partly on the ground of alleged negligence of the State.
Claimant’s proof of his damage consisted of testimony of diminution in the market value of his property — in accord with the rule for admeasurement of damages as laid down in the case of Mirro v. State of New York (supra); this evidence was received without objection by the State, and the State also submitted proof of the same nature on its own side of the case. It appears therefore that claimant has bottomed his claim principally on the change of grade of said West Bridge Street as it passes in front of his property.
No negligence was proved by claimant and insofar as this claim might be deemed to be based on negligence, the claim must be dismissed.
Before a claimant may recover an award for damages against the State it is incumbent upon him to prove that his claim was timely filed as provided by law giving the Court of Claims proper jurisdiction.
As to claimant’s claim herein being predictatd upon the change of grade of said street, it does not appear that the claim herein was duly or timely filed to give this court jurisdiction to hear and determine the same.
*801 Section 253 of the City Charter of the City of Oswego above referred to, which was read into and constitutes a part of the record in this case, makes the City of Oswego liable for any change which the city causes to be effected in the established grades of its streets.
West Bridge Street above mentioned, as shown upon the contract plan for the reconstruction thereof, was reconstructed by the State pursuant to section 30 and section 349-c of the Highway Law.
Under said section 30 of the Highway Law, the State, in reconstructing said West Bridge Street in the City of Oswego, has assumed liability for damage caused to property not acquired, but subject to the conditions set forth in said subdivision 15 of section 30 thereof which, prior to the amendment effective September 1, 1962, provided as follows: “ If the work of constructing, reconstructing or improving such state highways and bridges causes damage to property not acquired as above provided, the state shall be liable therefor, but this provision shall not be deemed to create any liability not already existing by statute. Claims for such damage may be adjusted by the superintendent of public works, if the amounts thereof can be agreed upon with the persons making such claims, and any amount so agreed upon shall be paid as a part of the cost of such construction, reconstruction or improvement as prescribed by this section. If the amount of any such claim is not agreed upon, such claim may be presented to the court of claims which is hereby authorized to hear such claim and determine if the amount of such claim or any part thereof is a legal claim against the state and, if it so determines, to make an award and enter judgment thereon against the state, provided, however, that such claim is filed with the court of claims within six months after the acceptance by the superintendent of public works of the final estimate of the completed contract, pursuant to an official order duly filed in the department.” (Emphasis supplied.)
There was no proof herein as to the date of the acceptance of the final estimate of the completed contract by the Superintendent of Public Works. Under subdivision 15 of section on 30 of the Highway Law above set forth, the claim is required to be filed with the Court of Claims within six months after such acceptance of the improvement.
The filing of such claim before the acceptance of the final estimate of the completed contract is premature and not timely. (Latham Enterprises v. State of New York, 20 Misc 2d 1018.)
The only proof adduced relative to the time of performance *802 of the work of said West Bridge Street improvement was that it was completed late in 1961 and the proof showed that a notice of intention to file the claim herein, was filed with the Clerk of the Court of Claims on October 13, 1961.
The provisions of section 10 of the Court of Claims Act, authorizing the extension of time to file a claim by filing a notice of intention within the prescribed period, do not apply to the filing of a claim under subdivision 15 of section 30 of the Highway Law. (Cimo v. State of New York, 306 N. Y. 143.)
The claimant failed to prove that his claim was filed within six months after the acceptance by the Superintendent of Public Works of the final estimate of the completed contract.
It is regrettable that the jurisdictional requirements applicable to this case have not been met, .since even the State’s proof showed that claimant’s property has been reduced in value $1,650 by the work of reconstructing said highway and upon the evidence it appears that such damage was in the amount of $2,000. However, since it appears that the requirements have not been met, this court has no jurisdiction and the claim must be and hereby is dismissed.