Otto Reifke, Appellant, *v.* State of New York, Respondent. (Claim No. 42917.)

Virginia M. Donahue et al., Appellants, *v.* State of New York, Respondent. (Claim No. 42901.)

Fourth Department, December 5, 1968.

*L. H. and R. S. Amdursky (Robert S. Amdursky* of counsel), for appellants.

*Louis J. Lefkowitz, Attorney-General (Alan W. Rubenstein* and *Ruth Kessler Toch* of counsel), for respondent.

Goldman, J. P.  Claimants assert that their properties were damaged by a highway change of grade and that the State is liable under subdivision 15 of section 30 of the Highway Law. The trial court dismissed the claims after trial and it is from the denial of motions to set aside the dismissals that claimants appeal.  The claims were dismissed upon the ground that " The filing of such claim *before* the acceptance of the final estimate of the completed contract is premature and not timely. (*Latham*

*Enterprises* v. *State of New York,* 20 Misc 2d 1018.) " (51 Misc 2d 798, 801.) We cannot agree with this determination.

Notices of intention to file claims were served upon the Court of Claims and the Department of Law, both of which acknowledged by letters receipt of the notices on October 13, 1961. From the substance of the notices and correspondence it is uncontroverted that construction on the highway had already been commenced and was actually completed in front of the claimants' properties. The final estimate for the project contract was accepted by the State Superintendent of Public Works on December 28, 1961. Itemized claims, which supplemented the notices of claims, were duly filed on October 14, 1963. Trial court stated that had it not found the jurisdictional defect of untimely filing of notices of claims, it would have made awards for the claimants. Thus, the issue to be decided is whether subdivision 15 of section 30 of the Highway Law requires filing of a notice of claim only after acceptance of the final estimate.

The trial court bottomed its determination on its finding that the filing of the notices must be made " within six months after the acceptance by the superintendent of public works of the final estimate of the completed contract " (Highway Law, § 30, subd. 15) and that filing before the date of acceptance was jurisdictionally fatal. It cited as its authority *Latham Enterprises* v. *State of New York* (*supra*), which held the filing of a claim premature because acceptance of the final estimate had not yet taken place. The Attorney-General, with commendable candor, concedes that the early filing of the notices in no way prejudiced the State, and, in fact, gave it more time to investigate the claims than required by law, but contends that the statute is " in derogation of the sovereignty of a state [and] must be strictly construed and a waiver of immunity from liability must be clearly expressed " (*Smith* v. *State of New York,* 227 N. Y. 405, 410). Respondent State shares the trial court's opinion that the dismissal of the claims " is regrettable " but urges that this injustice can be corrected only by action of the Legislature.

In our view, the trial court erred in placing too great emphasis on the word " after " in the statute. " Within a certain period after an event ", as is the substance of the phrase in the case at bar, by the weight of authority and as construed by us, applies only to the end and not the beginning of a defined period. A statutory time limit beyond which one cannot commence a cause of action " is an ingredient of the cause " and " a lapse of the statutory period operates, therefore, to extin-

guish the right altogether" (*Romano* v. *Romano,* 19 N Y 2d 444, 447). The construction we adopt was early expressed in *Mechanics' & Traders' Nat. Bank* v. *Mayor, etc.* (97 N. Y. 355) where the court held that the requirement of the ordinance that notice be given "at any time within ten days after the completion" was satisfied by service of the claims before completion of the work. As is the situation in the case at bar, the court said (p. 361): "The parties entitled to give notices might not know, and might find it difficult to know when the contract was completed, and they might thus lose the benefit intended for them." The same reasoning was followed in *Matter of Szirmay* v. *Kracke* (261 App. Div. 385, 386) where the court found that the New York City Charter provision that a claim must "have been filed with the board of assessors within ninety days after the grading shall have been completed and accepted" was complied with by the filing of a claim five days before acceptance. The First Department stated (p. 387) that "To give a reasonable construction" to the charter provision the claim was timely filed "after receipt of registration of the contract and before the expiration of ninety days after the completion and acceptance of the work by the city". The same principle was enunciated in dictum in a recent decision in *Bucci* v. *Village of Port Chester* (22 N Y 2d 195) where in construing a statutory notice as a condition precedent to the commencement of an action Chief Judge FULD wrote in a footnote on page 200: "Moreover, it may well be that the statute may be read as permitting the action to be commenced before the beginning of the three-month period, though not after its expiration."

There are a multitude of decisions from other jurisdictions exemplifying this rule. In *French* v. *Powell* (135 Cal. 636) the court held that the filing of a materialman's claim "within thirty days after completion" of all the work was timely when it was filed after the materialman's work was done but before completion of the entire project. The same principle was followed in *Live Oak Lbr. Co.* v. *Farr* (28 Cal. App. 641) but went even further for there the project was never completed. Similar holdings construing the word "within" are contained in the following more recent decisions: *Tanzilli* v. *Casassa* (324 Mass. 113); *Jensen* v. *Nelson* (236 Iowa 569); *State Highway Comm.* v. *Fisch-Or, Inc.* (241 Ore. 412); *Massey* v. *Farnsworth* (353 S. W. 2d 262 [Texas]); *Adams* v. *Ingalls Packing Co.* (30 Wn. [2d] 282).

We are not construing the word "after" but rather the phrase "within six months after the acceptance". Precedent

clearly supports the construction that the word "within" fixes the limit beyond which action cannot be taken, but does not fix the first point of time at which action shall be taken. It prescribes the end, not the beginning; it means "not longer in time than" or "not later than" (45 Words and Phrases, 1968 pocket part, p. 151). The purpose of the period of limitation is twofold: (1) to give the State an adequate opportunity to investigate a claim while information is still readily available and to prepare a defense (*Sandak* v. *Tuxedo Union School Dist. No. 3*, 308 N. Y. 226, 232; *Winbush* v. *City of Mount Vernon*, 306 N. Y. 327, 333; *Teresta* v. *City of New York*, 304 N. Y. 440, 443; *McMahon* v. *State of New York*, 173 Misc. 1004, affd. 261 App. Div. 879) and (2) to allow the State the opportunity to fix and distribute the cost of any claim within a brief time (*Cimo* v. *State of New York*, 306 N. Y. 143, 150).

We recognize that the filing of a notice of claim in a point of time much too remote from the completion of the work, or from the date of final acceptance, may not satisfy the notice requirements of the statute. Such, however, is clearly not the situation on the facts in the record before us. The notices were served after the work was completed in front of the claimants' properties and after the damage had occurred. It was a matter of public record, and the trial court indicated that it would take judicial notice, that the Superintendent of Public Works accepted the final estimate on December 28, 1961, some two and a-half months after service of the notices of claim. The cause of action came into existence at the time of the damage and any contingent or conditional aspect of it was removed and eliminated on the date of acceptance. To construe so narrowly the statute as to violate the most fundamental principles of fairness and equity would work a corruption of the legislative intent in its enactment.

If all of the proof had been produced upon the trial, we might well have been able to reverse the orders of dismissal and attempt to make awards. The incomplete record as to damages requires us to remit these claims to the trial court. Finding, as we do, that the claims were timely filed under subdivision 15 of section 30 of the Highway Law, the orders in both actions, dated September 26, 1967, should be reversed and claimants' motions for new trials should be granted.

Del Vecchio, Marsh, Witmer and Henry, JJ., concur.

Orders unanimously reversed, motions granted and new trials directed, with costs to the appellants to abide the event.