■ In the Matter of County of Broome, Respondent, v Robert M. Eronimous et al., Appellants.—Appeal from an order of the Supreme Court at Special Term, entered March 28, 1978 in Broome County, which denied a motion to dismiss petitioner's application, in a proceeding pursuant to article 7 of the Real Property Tax Law, as being untimely. On August 10, 1977 the City of Binghamton's Board of Assessment and Review denied petitioner's request for tax exemption for its Veteran's Memorial Arena. Thereafter, on August 23, 1977, the instant proceeding was initiated and made returnable on September 13, 1977 to review the assessment. The assessment roll, however, was not completed and filed until September 1, 1977. Prior to the return day the matter was ordered placed on the Pretrial Calendar. On November 21, 1977 appellants moved to dismiss the proceeding on the ground that there was a lack of subject matter jurisdiction. Petitioner cross-moved to dismiss appellants' motion. Special Term denied appellants' motion and granted petitioner's cross motion. This appeal ensued. A proceeding to review an assessment of real property shall be commenced within 30 days after the final completion and filing of the

assessment roll containing such assessment (Real Property Tax Law, § 702, subd 2). Based on this statute appellants maintain that the proceeding was commenced prematurely and thus jurisdictionally defective requiring dismissal of the petition. We disagree. While there appears to be some authority supportive of this contention *(Matter of City of New York v Christensen,* 30 AD2d 700, affd 24 NY2d 1002), we are of the view that the better and more salutary rule is articulated in *Reifke v State of New York* (31 AD2d 67, 68, affd 26 NY2d 859). The court therein was concerned with subdivision 15 of section 30 of the Highway Law which required, at that time, that certain claims be filed within six months after a specific event. It was the opinion of that court that the word "within" fixed the limit beyond which action could not be taken, but did not fix the first point of time at which action had to be taken *(Reifke v State of New York, supra,* pp 69, 70). In other words, a time period was fixed precluding filing of a claim after a certain date but not prohibiting the filing prior to a specific date. Adopting the reasoning expressed in *Reifke,* we are of the opinion that the petitioner's commencement of the instant proceeding a short time prior to the completion and filing of the assessment roll did not render the proceeding jurisdictionally defective. Furthermore, it is significant to us that no prejudice resulted to appellants due to the commencement of this proceeding some nine days prior to the completion and filing of the assessment rolls. The order, therefore, should be affirmed. In view of this determination, it is unnecessary to consider the remaining issue raised by petitioner. Order affirmed, without costs. Mahoney, P. J., Sweeney, Kane, Main and Mikoll, JJ., concur.