■ In the Matter of McDUTCHESS BUILDERS, INC., Appellant, v ASSESSOR OF THE TOWN OF FISHKILL et al., Respondents. — In a proceeding pursuant to article 7 of the Real Property Tax Law to review the assessment for 1983 taxes of certain real property located in the Town of Fishkill, petitioner appeals from an order and judgment (one paper) of the Supreme Court, Dutchess County (Sullivan, J.), entered April 8, 1983, which dismissed the petition upon the ground that the proceeding had not been timely commenced. ¶ Order and judgment affirmed, without costs or disbursements. ¶ On September 29, 1982, petitioner commenced this proceeding to review the assessment of a certain parcel of real property located in the Town of Fishkill, in Dutchess County. It is not disputed that the proceeding was not commenced within 30 days after publication of the notice of completion and filing of the final assessment roll, as required by subdivision 2 of section 702 of the Real Property Tax Law (see, also, Real Property Tax Law, § 516, subd 1). However, according to the petitioner, the town should be estopped from asserting that the petition was not timely served because its own Board of Assessment Review failed to mail to the petitioner written notice of the determination of its challenge to the tentative assessment of the property as required by a 1977 amendment to former section 1524 (subd 2, par [c]) (L 1977, ch 349, § 1) of the Real Property Tax Law (now embodied in Real Property Tax Law, § 525, subd 4). ¶ We disagree. ¶ Having sent for and examined the legislative bill jacket accompanying the 1977 amendment to former section 1524 (subd 2, par [c]) of the Real Property Tax Law (L 1977, ch 349), we have reached the conclusion that the dominant purpose of the addition thereto of the mailing requirement mentioned above was to standardize the practice of providing such notice which had theretofore existed without apparent compulsion in perhaps a majority of the assessment units throughout the State. ¶ Thus, as Senator Martin S. Auer, a cosponsor of the bill, stated in his memorandum in support thereof to the then Governor's counsel, Judah Gribetz: "The Governor [has] expressed his concern that the independent boards of assessors are not in all instances acting properly. Many boards currently meet the provisions in this bill. The purpose of making this a statutory requirement is to insure a consistent situation across the state". ¶ In the absence of any clearer expression of legislative intent, we do not believe that it was thereby intended to affect the running of the Statute of Limitations set forth in subdivision 2 of section 702 of the Real Property Tax Law if such notice was not mailed as required. ¶ We note, in passing, that subdivision 2 of section 702 of the Real Property Tax Law specifically provides that a proceeding to review an assessment of real property "shall be commenced within thirty days after the final completion and filing of the assessment roll containing such assessment", and that for the purposes of that subdivision "an assessment roll shall not be considered finally completed and filed until the last day set by law for the filing of such assessment roll or until *notice thereof* has been given as required by law, whichever is later" (emphasis supplied). Clearly, the "notice" referred to in subdivision 2 is the

notice of final completion and filing which is required to be given by law, e.g., by subdivision 1 of section 516 of the Real Property Tax Law, and not the notice referred to in the 1977 amendment to former section 1524 (subd 2, par [c]) (now Real Property Tax Law, § 525, subd 4). Interestingly, subdivision 2 of section 702 of the Real Property Tax Law was also amended in 1977 (L 1977, ch 620), and, notwithstanding the fact that it was amended subsequent to the amendment of former section 1524 (subd 2, par [c]), the language thereof was not altered to accommodate the construction urged upon us by the petitioner. Moreover, since the 1977 amendment to subdivision 2 of section 702 was remedial in nature and was designed to ease a potentially aggrieved taxpayer's burden of commencing a timely proceeding under article 7 of the Real Property Tax Law, it seems only reasonable to conclude that had the Legislature intended to provide the further remedy of tolling the Statute of Limitations contained in subdivision 2 of section 702, in the absence of the mailing required by former section 1524 (subd 2, par [c]), it would have said so explicitly. Mangano, J. P., Gibbons, Weinstein and Niehoff, JJ., concur.