■ In the Matter of STERLING IDEA VENTURES, Appellant, v PLANNNING BOARD OF THE TOWN OF SOUTHOLD, Respondent.— In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Planning Board of the Town of Southold that an application for site plan approval would be reviewed under the Town's new zoning code, the petitioner appeals from a judgment of the Supreme Court, Suffolk County (Rohl, J.), dated August 16, 1989, which dismissed the petition.

Ordered that the judgment is affirmed, with costs.

Commencing in June 1987 the petitioner and the respondent Planning Board of the Town of Southold engaged in negotiations concerning the petitioner's application for site plan approval to construct retail office space in Southold, New York. The negotiations continued beyond February 1, 1989, the effective date of a new Town zoning code, and when the Planning Board notified the petitioner by letter dated March 22, 1989, that its pending application would be reviewed under the new code, the petitioner brought this proceeding. The Supreme Court dismissed the petition on the ground that the March 22, 1989, letter was not a final determination and that, therefore, the matter was not ripe for adjudication. We agree.

The Planning Board's letter states explicitly that the petitioner's application was "pending" and that it would continue the review process "[u]pon receipt of revised site plans". Thus, there has been no showing by the petitioner that the Planning Board's action had a " 'direct and immediate' " effect on it *(Church of St. Paul & St. Andrew v Barwick,* 67 NY2d 510, 519-520, *cert denied* 479 US 985, quoting *Abbott Labs. v Gardner,* 387 US 136, 152), and the March 22, 1989, letter cannot be considered a final administrative action. Further, there is no indication in the record that the petitioner sought a variance from the new zoning code before initiating this proceeding *(see, Williamson Planning Commn. v Hamilton Bank,* 473 US 172, 186). Therefore, the Supreme Court prop-

erly dismissed the proceeding, because the controversy is not ripe for adjudication. Harwood, J. P., Balletta, Rosenblatt and O'Brien, JJ., concur.