■ In the Matter of BRENDA MINERVINI, Appellant, v DEPARTMENT OF SOCIAL SERVICES OF ORANGE COUNTY, Respondent. [725 NYS2d 882] —In a child custody proceeding pursuant to Family Court Act article 6, the petitioner appeals from an order of the Family Court, Orange County (Kiedaisch, J.), entered May 5, 1999, which denied her petition for custody of or visitation with the infant children.

Ordered that the order is affirmed, without costs or disbursements.

We have reviewed the record and agree with the appellant's assigned counsel that there are no nonfrivolous issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted (*see, Anders v California,* 386 US 738; *Matter of Kamate v Kamate,* 260 AD2d 637; *People v Paige,* 54 AD2d 631). Ritter, J. P., Friedmann, H. Miller and Townes, JJ., concur.

■ In the Matter of EDUSIN NUNEZ, Appellant, v NEW YORK. STATE PAROLE DIVISION, Respondent. [725 NYS2d 883] —In a proceeding pursuant to CPLR article 78 to vacate a parole warrant for failure to timely hold a parole revocation hearing, the petitioner appeals from a judgment of the Supreme Court, Orange County (Peter C. Patsalos, J.), dated May 11, 2000, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, without costs or disbursements.

The Supreme Court properly denied the petition and dismissed the proceeding. The period of time within which the respondent had to act did not begin to run until the petitioner was released from Federal custody. Only then could the petitioner be held in the respondent's custody exclusively pursuant to the warrant he is now challenging. Since it is clear that this had not yet occurred when the petition was brought, the petition was premature, and therefore, properly dismissed (*see, People ex rel. Matthews v New York State Div. of Parole,* 95 NY2d 640). Krausman, J. P., S. Miller, McGinity and Schmidt, JJ., concur.