■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. WILFREDO PINO, Appellant, v ANTHONY AMACUCCI, Respondent. NEW YORK STATE DIVISION OF PAROLE, Nonparty Respondent. [752 NYS2d 548] —In a habeas corpus proceeding pursuant to CPLR article 70, the petitioner appeals from a judgment of the Supreme Court, Westchester County (Lange, J.), entered July 26, 2001, which dismissed the proceeding.

Ordered that the judgment is affirmed, without costs or disbursements.

Pursuant to Executive Law § 259-i (3) (c) (i), a parolee must receive a preliminary parole revocation hearing within 15 days of the execution of the warrant, "unless the releasee has been convicted of a new crime committed while under parole." As the petitioner was convicted in Puerto Rico of the new crimes of burglary and criminal use of stolen credit cards while on parole, the Supreme Court properly determined that he was not entitled to a preliminary hearing (*see People ex rel. Corby v Sullivan,* 138 AD2d 432).

Further, the petitioner's claim that the New York State Division of Parole (hereinafter the Division) waived its interest in revoking his parole is without merit, as the Division acted promptly in returning the petitioner to New York once the authorities in Puerto Rico relinquished custody, which was not until the petitioner completed his sentence in Puerto Rico in January 2001 (*see* Executive Law § 259-i [3] [a] [iv]; *People ex rel. Matthews v New York State Div. of Parole,* 95 NY2d 640, 645; *Matter of Nunez v New York State Parole Div.,* 284 AD2d 333).

The petitioner's remaining contentions are without merit. S. Miller, J.P., O'Brien, Krausman and Rivera, JJ., concur.