In the Matter of COLD SPRING HARBOR AREA CIVIC ASSOCIATION, INC., et al., Appellants, v SUFFOLK COUNTY DEPARTMENT OF HEALTH SERVICES et al., Respondents. [762 NYS2d 406] —In a proceeding pursuant to CPLR article 78, inter alia, to review a determination of the Commissioner of the Suffolk County Department of Health Services, which, upon adopting a recommendation of the Board of Review of the Suffolk County Department of Health Services dated June 28, 2001, made after a hearing, granted the application of the respondents Jordan Iserman and BT & SH Restaurant Corp., doing business as The Inn on the Harbor, for variances from certain provisions of the Suffolk County Sanitary Code, the appeal is from (1) an order of the Supreme Court, Suffolk County (Emerson, J.), dated November 19, 2001, and (2) a judgment of the same court, entered December 13, 2001, which, upon the order, denied the petition and dismissed the proceeding.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondents Suffolk County Department of Health Services and Clare B. Bradley, and the respondent BT & SH Restaurant Corp., doing business as The Inn on the Harbor, appearing separately and filing separate briefs.

The appeal from the order must be dismissed, as no appeal lies as of right from an intermediate order in a proceeding pursuant to CPLR article 78 (see CPLR 5701 [b] [1]), and, in any event, any right of direct appeal therefrom terminated with the entry of judgment in the proceeding (see Matter of Aho, 39 NY2d 241, 248 [1976]). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501 [a] [1]).

This proceeding concerns the proposed expansion of a restaurant located in Cold Spring Harbor in the Town of Huntington by BT & SH Restaurant Corp., doing business as The Inn on the Harbor (hereinafter the Inn). As part of the project, the Inn proposed to construct an on-site sewage treatment plant which required certain variances from the Suffolk County Sanitary Code for which the Inn made application to the Board of Review of the Suffolk County Department of Health Services (hereinafter the Board of Review). On August 17, 2000, the Board of Zoning Appeals of the Town of Huntington, as lead agency pursuant to the State Environmental Quality Review Act (ECL art 8; hereinafter SEQRA), issued a negative declaration concluding that the project would not have a significant effect on the environment and that a Draft Environmental Impact Statement would not be prepared. Following a public hearing concerning the Sanitary Code variance application, the Commissioner of the Suffolk County Department of Health Services (hereinafter the Commissioner) adopted the recommendation of the Board of Review and granted the requested variances subject to certain conditions.

On July 31, 2001, the petitioners, a civic association dedicated to preserving the character of Cold Spring Harbor, and individuals who own property in close proximity to the subject property, commenced this proceeding pursuant to CPLR article 78 to annul the Commissioner's determination, inter alia, on the ground that the Board of Review was required to perform its own SEQRA review of the proposed sewage treatment plant pursuant to SEQRA. The Supreme Court denied the petition and dismissed the proceeding, inter alia, on the ground that it was premature.

The Supreme Court properly dismissed the proceeding because there was no final determination ripe for judicial review pursuant to CPLR article 78. At the time this proceeding was commenced, the Board of Review had not issued a permit to the Inn for the construction of the sewage treatment plant. Thus, there was no showing by the petitioners that the Commissioner's action had a " 'direct and immediate' " effect on them (*Church of St. Paul & St. Andrew v Barwick*, 67 NY2d 510, 519-520 [1986], *cert denied* 479 US 985 [1986], quoting *Abbott Labs. v Gardner*, 387 US 136, 152 [1967]), and the granting of the Sanitary Code variances cannot be considered a final administrative action (*see Matter of Essex County v Zagata*, 91 NY2d 447 [1998]; *Matter of Ogden Citizens for Responsible Land Use v Planning Bd. of Town of Ogden*, 224 AD2d 921 [1996]; *Matter of Young v Board of Trustees*, 221

AD2d 975 [1995], *affd* 89 NY2d 846 [1996]; *Matter of Concerned Citizens of Wilton v Town Bd. of Town of Wilton,* 203 AD2d 768 [1994]; *Matter of Sterling Idea Ventures v Planning Bd. of Town of Southold,* 173 AD2d 475 [1991]).

In light of the foregoing, we do not reach the petitioners' remaining contentions. Ritter, J.P., Santucci, Feuerstein and Schmidt, JJ., concur.