In the Matter of TOWN OF RIVERHEAD et al., Respondents, v CENTRAL PINE BARRENS JOINT PLANNING AND POLICY COMMISSION, Appellant. LONG ISLAND PINE BARRENS SOCIETY, INC., et al., Nonparty Appellants. [896 NYS2d 382]—

In a hybrid proceeding pursuant to CPLR article 78, inter alia, to review determinations of the Central Pine Barrens Joint Planning and Policy Commission dated July 19, 2006, and April 18, 2007, adopting resolutions asserting its jurisdiction over the review of the proposed development of certain properties located within Enterprise Park At Calverton, and action for a judgment declaring, among other things, that development of the properties is exempt from review by the Central Pine Barrens Joint Planning and Policy Commission, and permanently enjoining the Central Pine Barrens Joint Planning and Policy Commission from exercising jurisdiction to review the development of the properties, the Central Pine Barrens Joint Planning and Policy Commission appeals, as limited by its brief, from so much of an order and judgment (one paper) of the Supreme Court, Suffolk County, (Baisley, Jr., J.), dated March 31, 2008, as, upon a decision of the same court dated January 30, 2008, denied its motion to amend its answer, granted the petition, annulled the determinations, in effect, awarded summary judgment to the petitioners/plaintiffs declaring that development of the properties is exempt from review by the Central Pine Barrens Joint Planning and Policy Commission, declared that development of the properties is exempt from review by the Central Pine Barrens Joint Planning and Policy Commission, and permanently enjoined the Central Pine Barrens Joint Planning and Policy Commission from exercising jurisdiction to review the development of the properties, and nonparties Long Island Pine Barrens Society, Inc., and Richard Amper separately appeal, as limited by their brief, from so much of the same order and judgment as denied their motion pursuant to CPLR 1013 for leave to intervene in the matter.

Ordered that the order and judgment is reversed insofar as appealed from, on the law, without costs or disbursements, the petition is denied, the proceeding and action are dismissed as premature, and the motion for leave to intervene is denied as academic.

This matter is not ripe for judicial review. "The function of the courts is to determine controversies between litigants. They

do not give advisory opinions. The giving of such opinions is not the exercise of the judicial function" (*Self-Insurer's Assn. v State Indus. Commn.*, 224 NY 13, 16 [1918] [citations omitted]). To be ripe, there must be "an actual controversy between genuine disputants with a stake in the outcome" (Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3001:3, at 433).

To determine whether a matter is ripe for judicial review, it is necessary " 'first to determine whether the issues tendered are appropriate for judicial resolution, and second to assess the hardship to the parties if judicial relief is denied' " (*Church of St. Paul & St. Andrew v Barwick*, 67 NY2d 510, 519 [1986], *cert denied* 479 US 985 [1986], quoting *Toilet Goods Assn., Inc. v Gardner*, 387 US 158, 162 [1967]). Specifically, the court must determine whether an agency has arrived at a definitive position on the issue that inflicts an actual concrete injury and whether the resolution of the dispute requires any fact-finding, for "[e]ven if an administrative action is final, however, it will still be 'inappropriate' for judicial review and, hence, unripe, if the determination of the legal controversy involves the resolution of factual issues" (*Church of St. Paul & St. Andrew v Barwick*, 67 NY2d at 519 [1986]).

Here, this matter is not ripe for several reasons. First, the Central Pine Barrens Joint Planning and Policy Commission (hereinafter the Commission) has not rendered a definitive decision with respect to the proposed development. The petitioners/plaintiffs (hereinafter the petitioners) have failed to provide the information requested by the Commission and have refused to participate in the Commission's review process. Therefore, the Commission has not had the opportunity to grant or deny any application that might be submitted by the petitioners. "Until the Commission acts, it simply cannot be said that the administrative agency has taken a definitive position 'that inflicts an actual, concrete injury' " (*id.* at 522, quoting *Williamson County Regional Planning Comm'n v Hamilton Bank of Johnson City*, 473 US 172, 193 [1985]).

Second, the petitioners have not incurred an actual, concrete injury. No fines have been imposed, nor have any enforcement proceedings been initiated. There has been no direct or immediate impact from any administrative action. "Indeed, as yet, there can be no such harm for there has been no interference" (*Church of St. Paul & St. Andrew v Barwick*, 67 NY2d at 522 [1986]). Moreover, mere participation in an ongoing administrative process is not, in and of itself, an actual concrete injury. In the case at bar, the Commission has only requested that the

petitioners "submit suitable materials to the Commission to determine whether the Project has a significant impact on ECL Article 57, the plan or the goals thereof." Therefore, the proceeding and action are premature.

In light of our determination, we need not consider the parties' remaining contentions. Rivera, J.P., Florio, Miller and Hall, JJ., concur.