In a hybrid proceeding pursuant to CPLR article 78, inter alia, to review a determination of the Central Pine Barrens Joint Planning and Policy Commission dated October 21, 2015, adopting a resolution asserting its jurisdiction over the review of the proposed development of certain property located in the Town of Brookhaven, and action for a judgment declaring, among other things, that the proposed development was exempt from review by the Central Pine Barrens Joint Planning and Policy Commission, the petitioners/plaintiffs appeal from an order and judgment (one paper) of the Supreme Court, Suffolk County (Pastoressa, J.), dated September 29, 2016, which granted the motion of the respondents/defendants to dismiss the proceeding/action as premature and dismissed the proceeding/action.
 

 Ordered that the order and judgment is affirmed, with costs.
 

 The individual petitioners/plaintiffs are the shareholders of the petitioner/plaintiff Equine Facility, LLC, which owns a parcel of real property located in Suffolk County. The property, which consisted of 34.24 acres located “in the Central Pine[ ] Barrens Core, Town of Brookhaven,” was used as a horse farm. The petitioners/plaintiffs (hereinafter the petitioners) sought to close the horse farm and subdivide the property to construct 34 residential units on it.
 

 The petitioners requested a determination from the Central Pine Barrens Joint Planning and Policy Commission (hereinafter the Planning Commission) that the proposed subdivision was not subject to its jurisdiction because the proposed use did not constitute “development” within the meaning of the Long Island Pine Barrens Protection Act of 1993 (L 1993, ch 262 [hereinafter the Act]). At a subsequent meeting, the Planning Commission adopted a resolution finding that the proposed project did constitute “development” and that the proposed project was therefore subject to its jurisdiction. The Planning Commission determined that the petitioners would have to submit a hardship waiver application in order to receive approval for the proposed subdivision project.
 

 The petitioners did not submit a hardship waiver application. Instead, they commenced this hybrid proceeding and action (hereinafter the proceeding) to challenge the Planning Commission’s determination that the proposed subdivision constituted “development” within the meaning of the Act. The respondents/defendants (hereinafter the respondents) moved to dismiss the proceeding as premature. In the order and judgment appealed from, the Supreme Court granted the respondents’ motion and dismissed the proceeding.
 

 To determine whether a matter is ripe for judicial review, it is necessary “ ‘first to determine whether the issues tendered are appropriate for judicial resolution, and second to assess the hardship to the parties if judicial relief is denied’ ” (Church of St. Paul & St. Andrew v Barwick, 67 NY2d 510, 519 [1986], quoting Toilet Goods Assn., Inc. v Gardner, 387 US 158, 162 [1967]). “The concept of finality requires an examination of the completeness of the administrative action and a pragmatic evaluation of whether the ‘decision-maker has arrived at a definitive position on the issue that inflicts an actual, concrete injury’ ” (Church of St. Paul & St. Andrew v Barwick, 67 NY2d at 519, quoting Williamson County Regional Planning Comm’n v Hamilton Bank of Johnson City, 473 US 172, 193 [1985]).
 

 “If the anticipated harm is insignificant, remote or contingent the controversy is not ripe” (Church of St. Paul & St. Andrew v Barwick, 67 NY2d at 520 [citation omitted]). “A fortiori, the controversy cannot be ripe if the claimed harm may be prevented or significantly ameliorated by further administrative action or by steps available to the complaining party” (id.). This Court has previously stated, under similar circumstances, that “mere participation in an ongoing administrative process is not, in and of itself, an actual concrete injury” (Matter of Town of Riverhead v Central Pine Barrens Joint Planning & Policy Commn., 71 AD3d 679, 681 [2010]; see Matter of Ranco Sand & Stone Corp. v Vecchio, 27 NY3d 92, 100 [2016]).
 

 Here, the Planning Commission’s initial finding that the proposed subdivision constituted “development” within the meaning of the Act (see Environmental Conservation Law § 57-0107 [13]; see also Central Pine Barrens Comprehensive Land Use Plan § 4.3.5) did not constitute a final determination prohibiting the petitioners from subdividing the property in accordance with their proposal. As the Planning Commission’s determination indicated, the petitioners may still obtain a hardship exemption, which would render the proposed residential use of the property authorized (see Central Pine Barrens Comprehensive Land Use Plan § 5.2). Since the petitioners failed to adequately allege that they suffered an actual concrete injury, the Supreme Court properly granted the respondents’ motion to dismiss the proceeding as premature (see Matter of Town of Riverhead v Central Pine Barrens Joint Planning & Policy Commn., 71 AD3d at 681-682; see also Matter of Ranco Sand & Stone Corp. v Vecchio, 27 NY3d at 100; Church of St. Paul & St. Andrew v Barwick, 67 NY2d at 514, 521-522; Matter of Cold Spring Harbor Area Civic Assn. v Suffolk County Dept. of Health Servs., 305 AD2d 499, 500 [2003]).
 

 Rivera, J.P., Hall, Miller and Duffy, JJ., concur.