Matter of Coscia v Town of Greenburgh (2023 NY Slip Op 05729)

Matter of Coscia v Town of Greenburgh

2023 NY Slip Op 05729

Decided on November 15, 2023

Appellate Division, Second Department

Duffy, J.P.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 15, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
CHERYL E. CHAMBERS
PAUL WOOTEN
DEBORAH A. DOWLING, JJ.

2021-07969
 (Index No. 63078/16)

[*1]In the Matter of Anthony Coscia, appellant,
v
Town of Greenburgh, etc., et al., respondents-respondents; Ardsley Union Free School District, intervenor respondent-respondent.

APPEAL by the petitioner, in a proceeding pursuant to Real Property Tax Law article 7 to review a real property tax assessment for the 2016 tax year, from an order and judgment (one paper) of the Supreme Court (Bruce E. Tolbert, J.), dated September 9, 2021, and entered in Westchester County. The order and judgment granted the respondents' motion for summary judgment dismissing the petition, and dismissed the proceeding as untimely.

Goodfriend, Saltzman and Goodfriend, Suffern, NY (Mark F. Goodfriend of counsel), for appellant.
Joseph A. Danko, Town Attorney, Greenburgh, NY, for respondents-respondents, and Ira S. Levy, Rye Brook, NY, for intervenor respondent-respondent (one brief filed).

DUFFY, J.P.

OPINION & ORDER
The issue on appeal—whether a proceeding that is commenced prior to the finalization of the relevant tax assessment under article 7 of the Real Property Tax Law is timely pursuant to the statute of limitations provision set forth within section 702(2) of that statute—is an issue of first impression for this Court. For the reasons that follow, we decline to adopt a 1979 determination of our sister court, the Appellate Division, Third Department, in Matter of County of Broome v Eronimous (68 AD2d 988), which found that the commencement of a proceeding under article 7 of the Real Property Tax Law, prior to the completion and filing of a final assessment roll did not render the proceeding jurisdictionally defective (see id. at 989). Contrary to that determination, as set forth below, we find that the plain language of section 702(2) of the Real Property Tax Law sets forth an exclusive window of time within which an article 7 proceeding can be commenced under its provisions. Our reading of section 702(2) of the Real Property Tax Law comports with the plain meaning of its words as well as the legislative intent of the statute and our related precedent.
Background of the Proceeding
As is relevant to this appeal, on September 19, 2016, the petitioner, the record owner of certain real property in Westchester County (hereinafter the property), commenced this proceeding pursuant to Real Property Tax Law article 7 against the Town of Greenburgh, its Assessor, and its Board of Assessment Review (hereinafter collectively the Town of Greenburgh) to challenge a 2016 tax assessment of the property which was finalized on November 7, 2016. The petition alleged, inter [*2]alia, that the assessment roll had been finalized on September 15, 2016.
The Town of Greenburgh, together with the intervenor-respondent, Ardsley Union Free School District (hereinafter collectively the respondents), jointly moved for summary judgment dismissing the petition on the ground that the proceeding was untimely. The respondents contended that, contrary to the petitioner's contention, the assessment roll was not finalized until November 7, 2016, and that, thus, the proceeding was untimely because it was commenced before the requisite time period set forth in section 702(2) of the Real Property Tax Law. In opposition to the motion, the petitioner conceded that the assessment roll was finalized on November 7, 2016, but contended that, even though the proceeding was commenced early, it could not be considered untimely under the relevant statutory provisions. In an order and judgment dated September 9, 2021, the Supreme Court granted the respondents' motion, and dismissed the proceeding as untimely. The petitioner appeals. For the reasons set forth below, we affirm.
Relevant Subdivisions of Section 702 of the Real Property Tax Law
The time period within which a proceeding challenging a final assessment of real property may be commenced is set forth in section 702(2) of the Real Property Tax Law. Section 702(2) provides, in relevant part, that a proceeding to review the assessment of real property:
"shall be commenced within thirty days after the final completion and filing of the assessment roll containing such assessment. For the purposes of this section[,] an assessment roll shall not be considered finally completed and filed until the last day set by law for the filing of such assessment roll or until notice thereof has been given as required by law, whichever is later" (emphasis added).
As set forth herein, we find that, despite the determination of the Third Department in Matter of County of Broome v Eronimous (68 AD2d 988), there is no language in the statute to allow a court to deem timely a premature Real Property Tax Law article 7 proceeding (see generally Matter of McDutchess Builders, Inc. v Assessor of Town of Fishkill, 103 AD2d 779, 780). The provision requires a petitioner to commence a proceeding within the 30-day period between the finalization of the tax assessment roll and the expiration of that statute of limitation or face dismissal.
Indeed, section 702(3) of the Real Property Tax Law provides as follows:
"If it appears upon the answer that the petition or petition and notice, when such notice is required by section seven hundred four of this chapter, were not filed or served and filed where required pursuant to section seven hundred forty of this chapter, within the time limited therefor, such failure to file or serve and file the petition or petition and notice within such time shall constitute a complete defense to the petition and the petition must be dismissed."
Thus, the failure to timely commence a Real Property Tax Law article 7 proceeding is "a complete defense to the petition" which "must be dismissed" (id.; see Joon Mgt. One Corp. v Town of Ramapo, 142 AD3d 587, 588 [affirming determination of the Supreme Court denying the petition and dismissing the proceeding as Town established entitlement to judgment as a matter of law by demonstrating, inter alia, that proceeding was time-barred under RPTL article 7]; Matter of Laurel Hill Farms, Inc. v Board of Assessors of Nassau County, 51 AD3d 794, 795 [affirming a determination of the Supreme Court which denied the petition as time barred under RPTL article 7 and dismissed the CPLR article 78 proceeding to review a determination of the respondent for an agricultural assessment as not timely commenced]).
Third Department Determination
Notwithstanding the plain language of section 702(2) of the Real Property Tax Law regarding the time period "within" which a proceeding to challenge an assessment may be commenced, in 1979, in Matter of County of Broome v Eronimous, (68 AD2d 988), the Third Department upheld a Supreme Court determination which denied as untimely a motion to dismiss that petitioner's proceeding pursuant to article 7 of the Real Property Tax Law. There, the Third Department found that, although the article 7 proceeding was commenced approximately one week before the final completion and filing of the assessment roll that contained the challenged assessment (see Matter of County of Broome v Eronimous, 68 AD2d at 989), the early commencement of the proceeding did not render the proceeding jurisdictionally defective (see id.). That Court, adopting [*3]the reasoning set forth in a determination by the Appellate Division, Fourth Department, in Reifke v State of New York (31 AD2d 67, 68), regarding subdivision 15 of section 30 of the Highway Law, determined that the word "within" in section 702(2) of the Real Property Tax Law "fixed the limit beyond which [the] action could not be taken . . . but did not fix the first point [in] time at which [the] action had to be taken" (Matter of County of Broome v Eronimous, 68 AD2d at 989). The Third Department found "significant" that no prejudice due to the commencement of the proceeding had resulted to the respondents who had moved to dismiss it (id.).
For the reasons that follow, we decline to adopt the holding in Matter of County of Broome v Eronimous (68 AD2d 988), and find that section 702(2) of the Real Property Tax Law does not contemplate that, absent a showing of prejudice, a premature proceeding should be regarded as timely (see Matter of County of Broome v Eronimous, 68 AD2d 988).
We are mindful that the Court of Appeals in 1975 in Matter of Great E. Mall v Condon (36 NY2d 544, 548), characterized article 7 of the Real Property Tax Law as "'remedial in character and [that it] should be liberally construed to the end that the taxpayer's right to have [an] assessment reviewed should not be defeated by a technicality'" (Matter of Great E. Mall v Condon, 36 NY2d at 548, quoting People ex rel. New York City Omnibus Corp. v Miller, 282 NY 5, 9). In Matter of Great E. Mall v Condon (36 NY2d at 548), the Court of Appeals addressed those petitioners' error in failing to name all of the town's assessors pursuant to the pleading requirements set forth in section 704(2) of the Real Property Tax Law. In that case, the Court of Appeals determined that the CPLR governed section 704 of the Real Property Tax Law—citing CPLR 101 and noting that "[t]he Real Property Tax Law contains no . . . inconsistent procedural rule relative to either construction of pleadings or correcting or ignoring technical defects" (Matter of Great E. Mall v Condon, 36 NY2d at 548 n 5). Relying on CPLR 2001 and 3026, the Court of Appeals then applied a substantial prejudice test to determine that the pleading defect—in failing to comport with section 704 of the Real Property Tax Law—was merely technical in nature and should be disregarded (see Matter of Great E. Mall v Condon, 36 NY2d at 548).
Unlike section 704 of the Real Property Tax Law, section 702(3) does not concern a pleading requirement but instead concerns a statute of limitations (see CPLR 201 ["No court shall extend the time limited by law for the commencement of an action."]). Further, section 702(3) expressly provides that failure to comply with the time period requirement of section 702(2) is "a complete defense to the petition" which "must be dismissed" (RPTL 702[3]). Unlike as in CPLR 2001 and 3026, there is no provision in Real Property Law § 702(3) for a determination as to lack of substantial prejudice in evaluating the time period within which a proceeding must be commenced under that section of article 7 of the Real Property Tax Law. Since we find that the analysis of the Court of Appeals in Matter of Great E. Mall v Condon (36 NY2d at 548), with respect to section 704 of the Real Property Tax Law, is not dispositive in determining the meaning of section 702(2) of the Real Property Tax Law, we decline to adopt the Third Department's determination in Matter of County of Broome v Eronimous (68 AD2d 988). Instead, we look to the plain meaning of the statute, its legislative intent, and this Court's related precedent to determine the scope of the time period set forth in section 702(2) of the Real Property Tax Law.
Statutory Interpretation
In matters of statutory interpretation, the primary consideration is to discern and give effect to the Legislature's intent (see Yatauro v Mangano, 17 NY3d 420, 426). "The starting point for discerning legislative intent is the language in the statute itself" (id. at 426). "Inasmuch as the text of a statute is the clearest indicator of such legislative intent, where the disputed language is unambiguous, [courts] are bound to give effect to its plain meaning" (Makinen v City of New York, 30 NY3d 81, 85 [alterations and internal quotation marks omitted]). "[T]he text of a provision 'is the clearest indicator of legislative intent and courts should construe unambiguous language to give effect to its plain meaning'" (Matter of Albany Law School v New York State Off. of Mental Retardation & Dev. Disabilities, 19 NY3d 106, 120, quoting Matter of Daimler Chrysler Corp. v Spitzer, 7 NY3d 653, 660; see Majewski v Broadalbin-Perth Cent. School Dist., 91 NY2d 577, 583). "When the plain language of the statute is precise and unambiguous, it is determinative" (Matter of Washington Post Co. v New York State Ins. Dept., 61 NY2d 557, 565; see Loehr v New York State Unified Ct. Sys., 150 AD3d 716, 720).
Here, the plain language of section 702(2) of the Real Property Tax law is precise and unambiguous—it sets forth a specific time period "within" which a proceeding can be commenced [*4](see id.). As defined in the Oxford English Dictionary, "within" means "[i]n (an enclosure or enclosing boundary); so as to be included, contained, surrounded, or confined by" (Oxford English Dictionary, within [https://www.oed.com/search/dictionary/?scope=Entries & q=within]). As defined in the Oxford Learner's Dictionaries, "within" means "before a particular period of time has passed; during a particular period of time" (Oxford Learner's Dictionaries, within [https://www.oxfordlearnersdictionaries.com/us/definition/english/within_1]). Indeed, there appears to be no definition of "within" that encompasses the meaning ascribed to it by the Third Department in Matter of County of Broome v Eronimous (68 AD2d at 989).
Moreover, our determination that a proceeding pursuant to section 702(2) of the Real Property Tax Law may not be commenced prior to the date of the final assessment is consistent with the public policy underpinning statutes of limitation (see Freedom Mtge. Corp. v Engel, 37 NY3d 1, 20) favoring finality, predictability, fairness, and repose (see Matter of Regina Metro. Co., LLC v New York State Div. of Hous. & Community Renewal, 35 NY3d 332, 372; see also Freedom Mtge. Corp. v Engel, 37 NY3d at 20). It is plain that the statute affords a taxpayer a limited window of opportunity for review of the tax assessment—which opens upon the finalization of the tax roll and closes 30 days later (see RPTL 702[2])—since the statute precisely defines the date on which a tax roll becomes final for the purposes of commencing a proceeding to review and the provisions of section 702(3) set forth that the failure to comply with these strictures is "a complete defense to the petition" which "must be dismissed" (id. § 702[3]).
Indeed, interpreting the language of the statute to allow proceedings that have been commenced prior to or outside the time period set forth in section 702(2) could result in court review of administrative determinations that are not yet final—which is not contemplated by the statute; section 702(2) of the Real Property Tax Law contemplates review of final assessment rolls, not anticipated or preliminary assessment rolls.
Related Precedent
This Court's existing precedent also does not weigh in favor of adopting the Third Department holding in Matter of County of Broome v Eronimous (68 AD2d 988). For example, in D & Z Holding Corp. v City of N.Y. Dept. of Fin. (179 AD2d 796), this Court found that the plaintiff there was time-barred when it failed to commence a proceeding within the 30-day period of time then set forth in Administrative Code of the City of New York § 11-2506 (see id. §§ 11-2501; 11-2502; 11-2509) to petition for a hearing to review the assessment of the amount of a hotel room occupancy tax (see D & Z Holding Corp. v City of N.Y. Dept. of Fin., 179 AD2d at 797). There, this Court held that "[t]he statutory requirement that a petition for an administrative hearing of the petitioner's liability be filed within 30 days after the date of mailing of the Notice of Determination is absolute" (id. at 797).
Further, in Matter of Nunez v New York State Parole Div. (284 AD2d 333), this Court held that the Supreme Court properly denied the petition filed in that proceeding and dismissed the article 78 proceeding as "[t]he period of time within which the respondent had to act" did not begin to run until the petitioner was released from federal custody (id. at 333). There, this Court found that, since the proceeding was commenced prior to the petitioner's release from custody, "the petition was premature, and therefore, properly dismissed" (id.). Further, in Matter of Riverside Tenants Assn. v New York State Div. of Hous. & Community Renewal (133 AD3d 764), this Court upheld a determination of the New York State Division of Housing and Community Renewal denying as premature that petitioner owner's application to decrease required services pursuant to 9 NYCRR 2522.4(d). This Court found that there the petition was premature since no plans had been approved for the proposed project at issue (see Matter of Riverside Tenants Assn. v New York State Div. of Hous. & Community Renewal, 133 AD3d at 767; Matter of Liberatore v Liberatore, 97 AD3d 821 [order properly denied mother's objections to order of Support Magistrate as premature as there was no final order determining her petition for a downward modification of child support at time she filed objections]; Matter of Cold Spring Harbor Area Civic Assn. v Suffolk County Dept. of Health Servs., 305 AD2d 499, 500 [article 78 proceeding properly dismissed as there was no final determination ripe for judicial review since, at the time the proceeding was commenced, the reviewing agency had not issued a permit]).
Here, as noted, the Supreme Court's determination dismissing the proceeding as untimely is consistent with this Court's precedent in these matters (see Matter of Liberatore v Liberatore, 97 AD3d 821; Matter of Cold Spring Harbor Area Civic Assn. v Suffolk County Dept. [*5]of Health Servs., 305 AD2d at 500; Matter of Nunez v New York State Parole Div., 284 AD2d 333; D & Z Holding Corp. v City of N.Y. Dept. of Fin., 179 AD2d at 797).
The Petitioner Failed to Comply with Section 702 of the Real Property Tax Law
Here, the petitioner has acknowledged that he commenced this proceeding approximately seven weeks prior to the final 2016 assessment roll which was published on November 7, 2016. Since the proceeding was not commenced within the 30-day time period specified by section 702(2) of the Real Property Tax Law, the Supreme Court properly dismissed the proceeding as untimely.
Conclusion
Based on the plain language of section 702(2) of the Real Property Tax Law, the legislative intent of the statute and this Court's related precedent, we decline to follow Matter of County of Broome v Eronimous (68 AD2d 988), and instead hold that section 702(2) sets forth the entirety of the time period within which a proceeding to review the assessment of real property can be commenced—"within thirty days after the final completion and filing of the assessment roll containing such assessment."
Since the petitioner here failed to comply with the time constraints of section 702(2) of the Real Property Tax Law when he commenced this proceeding, we find that the Supreme Court properly granted the respondents' motion for summary judgment dismissing the petition, and dismissed the proceeding as untimely.
Accordingly, the order and judgment is affirmed.
CHAMBERS, WOOTEN and DOWLING, JJ., concur.
ORDERED that the order and judgment is affirmed, with costs.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court